IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL McILMAIL, | : |
| | : CIVIL ACTION |
| Plaintiff, | : |
| | : No. 17-cv-2991 |
| v. | : |
| | : |
| COMMONWEALTH OF PENNSYLVANIA, | : |
| OFFICE OF THE ATTORNEY GENERAL, | : |
| et al., | : |
| | : |
| Defendants. | : |

**MEMORANDUM**

**Joyner, J.**                                                    **February 26, 2018**

Before the Court are Defendants' Motion for Partial Dismissal (Doc. No. 8) and Plaintiff's response thereto (Doc. No. 9). For the following reasons, the Motion is GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

Plaintiff Michael McIlmail ("McIlmail") is a former agent of the Pennsylvania Attorney General's Office ("POAG"). McIlmail claims that he was constructively discharged in November 2014. (Compl. ¶ 4 (Doc. No. 1)). McIlmail claims that his discharge violated his Fourteenth Amendment right to due process and was motivated by age, race, religion, and political expression. (Compl. ¶¶ 19, 22, 35, 97, 117).

McIlmail names as defendants the POAG and three POAG employees, Jonathan Duecker ("Deucker"), William Ralston

("Ralston"), and Charles Crawford ("Crawford").  As will be discussed below, a portion of McIlmail's claims are asserted against Defendants in their individual and official capacities.

Defendants make several arguments in the instant Motion for Partial Dismissal.  In large part, Defendants argue that the Eleventh Amendment strips jurisdiction from the Court to hear various claims against them in their official capacities.  Defendants also present additional arguments in favor of dismissing a portion of the remaining claims.

## II. LEGAL STANDARD

A party may move to dismiss a complaint for lack of jurisdiction.  Fed. R. Civ. P. 12(b)(1).  This is the proper mechanism for a defendant to raise the defense of Eleventh Amendment sovereign immunity.  <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 694 n.2 (3d Cir. 1996).

The Eleventh Amendment of the United States Constitution provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.  "The Amendment has been interpreted to protect an unconsenting state from 'suit in federal court by its own citizens as well as those from another state.'"  <u>Blanciak</u>, 77 F.3d at 694 (quoting <u>Pennhurst State School v. Halderman</u>, 465

U.S. 89, 100 (1984); Hans v. Louisiana, 134 U.S. 1 (1890)).

A party may also move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering such a motion, a district court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Krantz v. Prudential Invs. Fund Mgmt. LLC, 305 F.3d 140, 142 (3d Cir. 2002) (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). Although a plaintiff is entitled to all reasonable inferences from the facts alleged, a plaintiff's legal conclusions are not entitled to deference, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

**III. DISCUSSION**

McIlmail's Complaint contains various claims against Defendants Ralston, Crawford, and Duecker (collectively, the

3

"Individual Defendants"), in their official and individual capacities, as well as claims against the POAG apparently in its individual and official capacities.[1]  We will address each of the Defendants' arguments for partial dismissal below.

### A. Counts I, II, and III Against Ralston, Crawford, and Duecker in Their Official Capacities[2]

In Counts I, II, and III, McIlmail sues Ralston, Crawford, and Duecker in their official and individual capacities for alleged violations of his constitutional rights brought under 42 U.S.C. Section 1983.  The Individual Defendants move to dismiss the portions of Counts I, II, and III that assert liability against them in their official capacities.

The Eleventh Amendment bars federal courts from asserting subject matter jurisdiction over claims by private parties against states, state agencies, and state officials in their official capacities.  Kentucky v. Graham, 473 U.S. 159, 169 (1985).  One exception to the Eleventh Amendment is if a state unequivocally consents to being sued in federal court.  Pennhurst v. State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984).

---

[1]  The POAG is a state agency that has no existence apart from its status as an agency of Pennsylvania.  The POAG is not an individual person that can be sued.  To the extent McIlmail attempts to sue the POAG in some individual capacity, these claims must be dismissed.  Laskaris v. Thornburgh, 661 F. 2d 23, 25 (3d Cir. 1981).

[2]  In their Motion, Defendants move to dismiss Counts I thought VII based on the argument that sovereign immunity prohibits this Court from hearing Plaintiff's 42 U.S.C. Section 1983 claims.  A close reading of the Complaint reveals that only Counts I through III are brought under 42 U.S.C. Section 1983.  We will therefore only address Counts I, II, and III with respect to this particular argument.

4

Pennsylvania has done the opposite. 42 Pa. S.C. § 8521(b); see Roach v. Graterford Medical Dept., 398 F. Supp. 2d 379, 384 (E.D. Pa. 2005). Therefore, McIlmail's claims against Defendants in their official capacities face dismissal pursuant to the Eleventh Amendment.

In response, McIlmail argues that an exception applies. Specifically, McIlmail argues that the Eleventh Amendment does not bar his claims for "prospective injunctive relief," in the form of reinstatement, against the Defendants in their official capacities. (Pl. Mem. at 3-4 (Doc. No. 9)).

In Ex parte Young, the Supreme Court held that the Eleventh Amendment does not prohibit federal courts from invoking jurisdiction over claims seeking prospective relief against state officials. 209 U.S. 123, 159-60 (1908). "Even though the Eleventh Amendment bars claims seeking retroactive relief (i.e., relief for past wrongs), no sovereign immunity exists for state officials where prospective relief is sought (i.e., relief from future wrong)." De Hope v. N.J. Dept. of Law and Public Safety, No. 11-3408, 2011 WL 6176220, at *3 (D.N.J. Dec. 12, 2011) (citing Edelman v. Jordan, 415 U.S. 651, 667-69 (1974)). This distinction between relief for a past wrong versus relief for a future wrong under the Eleventh Amendment "is different from the distinction between mere equitable and legal relief." Id. Moreover, the applicability of the Eleventh Amendment depends on

the substance rather than form of the requested relief. Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698 (3d Cir. 1996).

In Blanciak, the plaintiff brought suit against state officials and included a claim for "front pay" damages. Id. at 698. The plaintiff argued that his claim for "front pay" damages was equitable in nature and sought only prospective relief. Id. The Third Circuit rejected the plaintiff's argument, noting that the "label is of no importance." Id. The Third Circuit found that the "front pay" claims where a remedy for past conduct and were therefore barred by the Eleventh Amendment. Id.

In DeHope, the plaintiff sought reinstatement under the Age Discrimination in Employment Act after being terminated. 2011 WL 6176220, at *3. Relying on the Third Circuit's analysis in Blanciak, the district court focused on whether reinstatement would remedy a past wrong or serve as a form of relief from ongoing discrimination. Id. The court found that the reinstatement was meant to remedy the plaintiff's termination – i.e., a past wrong – and the court therefore held that the Ex Parte Young exception did not apply. Id.

McIlmail's attempt to label his claims in Counts I, II, and III as prospective relief because reinstatement is included as a remedy misses the point. Reinstatement is not simply prospective or injunctive under Ex Parte Young because it would be equitable in nature. Focusing on the substance of the relief sought in

6

Counts I, II, and III, as we must, it is clear that McIlmail is seeking redress for a past wrong. And the inclusion of reinstatement as a remedy does not change that conclusion. As noted above, Pennsylvania, its agencies, and its officers enjoy sovereign immunity pursuant to the Eleventh Amendment. Therefore, Counts I, II, and III are dismissed to the extent they include claims against Defendants in their official capacities.

    **B.   Count VII in its Entirety**

In Count VII, Plaintiff sues the POAG and the Individual Defendants in their individual and official capacities. McIlmail claims the POAG and the Individual Defendants are liable under the federal Age Discrimination in Employment Act ("ADEA") and Pennsylvania Human Relations Act ("PHRA") for age discrimination. The Defendants move to dismiss Count VII in its entirety.

The Eleventh Amendment prohibits this Court from asserting jurisdiction over ADEA claims against the Defendants in their official capacities. Kimel v. Fl. Bd. of Regents, 528 U.S. 62, 91 (2000). And as discussed above, McIlmail's request for reinstatement does not bring his claim within the Ex parte Young exception. We must therefore dismiss the portion of McIlmail's ADEA claims that he asserts against Defendants in their official capacities.

The remaining portion of Plaintiff's ADEA claim is asserted against the Individual Defendants in their individual capacities.

7

Compl. ¶ 164(b)-(e). The Third Circuit has made clear that the ADEA does not permit individual liability. Hill v. Borough of Kutztown, 455 F.3d 225, 246 n. 29 (3d Cir. 2006). Accordingly, this portion of Count VII must also be dismissed.

In the next portion of Count VII, Plaintiff claims that the Defendants are liable in their individual and official capacities for violating the Pennsylvanian Human Relations Act ("PHRA"). Because Pennsylvania did not waive its Eleventh Amendment sovereign immunity with respect to the PHRA, this Court does not have jurisdiction to hear Plaintiff's PHRA claims against Defendants in their official capacities. Mitchell v. Miller, 884 F. Supp. 2d 334, 380-81 (W.D. Pa. 2012).

Regarding McIlmail's PHRA claim against Defendants in their individual capacity, the PHRA generally does not provide for individual liability. Dici v. Pennsylvania, 91 F.3d 542, 552 (3d Cir. 1996). Unlike the ADEA, however, the PHRA does contain one exception where individual liability is permissible. Id. Section 955(e) forbids "any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice." 43 P.S. § 955(e). Defendants Deucker, Ralston, and Crawford are certainly "person[s]" and "employee[s]" under Section 955(e). The question is, then, whether they are proper defendants for aiding and abetting the

8

unlawful discriminatory practices of the POAG. See Dici, 91 F.3d at 533. Reviewing all allegations in the Complaint in a light most favorable to McIlmail, we cannot hold at this stage that the Individual Defendants cannot he held liable for aiding and abetting the alleged discriminatory practice of the POAG.

For the foregoing reasons, all portions of Count VII, except for Plaintiff's PHRA claim against the Individual Defendants in their individual capacities, are dismissed.

### C. Counts IV and V Against Defendants in their Individual Capacities

In Counts IV and V, Plaintiff claims that Defendants POAG, Deucker, Crawford, and Ralston in their official and individual capacities are liable under Title VII. It is well settled that Title VII does not provide for individual liability. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). We will therefore dismiss the aspects of Counts IV and V that assert claims against Defendants in their individual capacities.

### D. Count III in its Entirety

Defendants move to dismiss Count III for failure to state a claim. McIlmail did not respond to this portion of Defendants' Motion. Because this point appears to be uncontested, the Court will grant this portion of Defendants' Motion.

### F. Count VIII in its Entirety

Count VIII consists of an unspecified claim against the POAG for the acts of the Individual Defendants. (Compl., Count VIII).

In his responsive brief, McIlmail specifies that Count VIII was intended to assert respondent superior liability against the POAG for the Individual Defendants' violations of Title VII, which he outlined in Count V. (Pl. Mem. at 6-7). We will analyze Count VIII as such, and we see no reason to require McIlmail to amend his Complaint as he requested in the alternative.[3]

The Defendants argue that, should this claim be interpreted as a claim brought under 42 U.S.C. Section 1983, the claim should be dismissed for lack of jurisdiction under the Eleventh Amendment. However, we find that the proper interpretation of this claim is that it is brought pursuant to Title VII. We also note that Title VII claims are not barred by the Eleventh Amendment. <u>Fitzpatrick v. Bitzer</u>, 427 U.S. 455, 456 (1976). We therefore deny this portion of Defendants' Motion.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. An accompanying Order will follow.

---

[3] To the extent this provided a novel interpretation of Count VIII, Defendants had the ability to respond accordingly by filing a Reply.